IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SYLVIA PERKINS, as Personal Representative
Of the Estate of BOBBY MOORE, III, deceased,           PLAINTIFF

v.          Case No. 4:15-CV-00310-BSM

JOSHUA HASTINGS, STUART THOMAS, in
His individual and official capacities, and the
CITY OF LITTLE ROCK, a municipality,           DEFENDANTS

**RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW, Separate Defendants, Stuart Thomas ("Thomas"), in his individual and official capacities, and the City of Little Rock ("City"), by and through undersigned counsel, and for their Response to Plaintiff's Motion for Reconsideration:

**Plaintiff Fails to Establish Fundamental Element of Her Claims: *A Pattern of Similar Unconstitutional Misconduct***

Despite offering, as the Plaintiff describes it, "a 214-page, fact-laden response brief . . . reams of historical data [,] City documents [and] vast volumes of relevant evidence," she fails to meet the Defendants' proof with proof and establish that a pattern of similar unconstitutional misconduct caused the death of Bobby Moore. *Docket No. 93,* p. 17. Without showing such a pattern, her *failure to train* claim fails (*Connick v. Thompson*, 563 U.S. 51 (2011)); her *failure to supervise/discipline* claim fails (*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010)); her broad *Monell* claim fails (*Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 653 (8th Cir. 1998); and, finally, her *inadequate screening* claim fails (*Bd. Of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 409 (1997)).

The best the Plaintiff can muster in her last ditch effort to defeat the Defendants' summary judgment is to create a phantom pattern by pointing to the following: 1) the

1

conduct of Kelly (LePore) Morris, which the Plaintiff admits did not violate the Constitution, 2) Captain Bartsch's use of force against a group of African-American, although that did not involve the use of deadly force and the LRPD suspended Bartsch for the misconduct, 3) the shooting of Eugene Ellison, which the Plaintiff asks this Court to speculate amounted to a Constitutional violation; even if it amounted to a violation, this single event would not constitute a pattern, and 4) Lieutenant David Hudson's punching of a white male outside a local restaurant, although, again, it did not involve the use of deadly force and the LRPD suspended Hudson for the misconduct.

These four events do not establish a pattern of similar unconstitutional misconduct, do not establish a pattern of deliberate indifference to such misconduct, and certainly could not be the cause of the shooting of Bobby Moore. As the Supreme Court held in *Brown*, "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 398 (1997). Simply saying she has evidence does not mean the Plaintiff has evidence; she must meet proof with proof, and without that, the Plaintiff's claims fail.

## **Cheryl Eubanks Is Not "New Evidence"**

Before going any further, it must be noted that the Plaintiff's description of Cheryl Eubanks – a woman who saw neither the prelude to nor moment of the shooting of Bobby Moore – as "New Evidence" is misleading. First, Ms. Eubanks' name, address, phone number, and description of her statement were contained in the Criminal Investigation File. *Doc #56-12,* p 116. Second, the Plaintiff had Ms. Eubanks sign an affidavit on October 11th, 2016, and the Plaintiff's counsel used Ms. Eubanks' affidavit at the

deposition of Josh Hastings on October 13th, 2016. *Doc # 62-1*, p 951. Finally, the Plaintiff attached a copy of Ms. Eubanks' affidavit to her Response to Defendants' Motion for Summary Judgment. *Doc #62-5,* p 8.  With that in mind, there is no reasonable argument that because the Plaintiff only deposed Ms. Eubanks *after* the Court granted summary judgment that her testimony is somehow new evidence.

### Like the Plaintiff, Her Expert – Roger Clark – Is Unable to Establish a Pattern of Similar Unconstitutional Misconduct

The Plaintiff pins much of her hopes of on Roger Clark's expert opinion – an opinion in which Mr. Clark *does not* identify a pattern of similar unconstitutional misconduct.  Moreover, in his deposition, Mr. Clark could not conclusively identify a single instance in which Josh Hasting's committed a Constitutional violation.  When asked if he could find an example of excessive force on the part of Hastings, Mr. Clark replied, "Well, there is nothing in the record that was given to me." *Exhibit 1, Roger Clark's Deposition;* 35:3-6.[1]  Like the Plaintiff, Mr. Clark asks for an inference of a pattern without meeting the necessary proof with proof standard.

---

[1] When pressed further, Mr. Clark opined that there were three instances of Hastings using excessive force – none of which are similar to the shooting of Bobby Moore and each of which were investigated.  Mr. Clark's opinion is nothing more than speculation and general notions with no facts sufficient to establish any such misconduct occurred: **1)** "Q: So why was Officer Hastings' use of force on Darrell Profit excessive? A: Because he is a disabled individual and had no hands. Q: So disabled individuals with no hands are not dangerous?  A: Generally, and without some exception, would be benign, and well within the ability to handle without use of force. Q: And you know this without even knowing how big Mr. Profit is?  A: I can't remember how big he is. Q: Okay. And, also, it's not that he had no hands -- he had no hands -- but he had prosthetic hooks. Are hooks dangerous to officers? A: They can be if you don't deport yourself correctly." **2)** "Q: Officer Hastings' use of force against Timothy Clemmons and Steve Williams, how was that excessive? A: There is a video of that with Lisa Hernandez[;]" and, **3)** "Q: Then, finally, Officer Hastings' use of force against Bilal Kareem Al-Amin, how was that  . . . excessive? A: As I remember, he was punched in the face. Q. And that's necessarily excessive? A: Generally, you are supposed to avoid it." *Exhibit 1, Roger Clark's Deposition,* p. 53-55.

Instead of identifying proven instances of misconduct, Mr. Clark opined that because Josh Hastings had used force 40 times[2] in five (5) years, then a certain number of them *had* to be excessive. *Exhibit 1, Roger Clark's Deposition;* 38:14-39:10. Oddly, Mr. Clark then denied he had ever committed excessive force during his time as a police officer even though he had committed approximately 216 uses of force in his three (3) year career. *Exhibit 1, Roger Clark's Deposition;* 120:8-16; 156:21-157:17. As is obvious, Mr. Clark's denial he violated the Constitution even though he used force five-times more often than Josh Hastings – and in a smaller amount of time – is contradictory to his own opinion. Courts are not obligated to rely upon an expert who can neither point to specific instances of misconduct nor remain consistent in his opinions.

Finally, with specific regards to a pattern of *similar* misconduct, Mr. Clark was asked, too, about whether other LRPD officer involved shootings constituted excessive or unreasonable force; Mr. Clark admitted that he had not even reviewed those case files: "Q: Between the years of 2004 and 2011, can you give me one instance in which deadly force was used and that force was excessive?  A: I did not review the uses of deadly force case by case . . ." *Exhibit 1, Roger Clark's Deposition,* p. 101:17-23; *see also,* p. 102:11-18. Again, even assuming that each LRPD officer involved shooting prior to the shooting of Bobby Moore could be considered "similar", the Plaintiff's own expert has not made any determination that a pattern of similar misconduct exists.  In fact, Mr. Clark cannot and does not opine in his expert report or in his deposition that *any* officer involved shooting in the seven (7) years prior to Bobby Moore's death amounted to excessive force. *Id.*

---

[2] Some of these were not uses of force by Hastings; however, the LRPD's Early Intervention System flagged Hastings because he was present during another officer's use of force. *Doc. #56-8,* p 9*; Doc. #56-9,* p 9.

Despite Mr. Clark's rampant speculation, self-serving contradictions, and admissions of failing to examine key documents, the Plaintiff maintains the Court "ignored the sworn statements of Plaintiff's police practices expert." *Doc No. 93,* p 3. Even if the Court had "ignored" Mr. Clark's opinion, it was right to do so. Mr. Clark's speculation is no more valuable than the Plaintiff's.

**Judge Holmes' "Phantom" Quote from *Cooperwood* Is Not So "Phantom"**

As for the "phantom" quote from *Cooperwood v. City of Kensett, No. 4:05CV00902 JLH, 2006 WL 3735977 (E.D. Ark. Dec. 15, 2006)*, the Plaintiff is correct that this precise quote is not found in *Rogers v. City of Little Rock. Ark.*, 152 F.3d 790, 799 (8th Cir. 1998). Yet, simply because Judge Holmes, perhaps, used inadvertent quotation marks – a mistake undersigned counsel recently made in an Eighth Circuit brief – that mistake does not mean the standard of law recited is inaccurate. *Rogers*, like the Defendants noted in their original Motion for Summary Judgment, holds that investigations may constitute deliberate indifference *if* they are merely a façade used to cover up unconstitutional acts. However, and most importantly, if there is no evidence of a cover up of such misconduct, then an "'[i]nvestigation of a complaint is sufficient as a matter of law' to defeat a claim of deliberate indifference to prior misconduct." *Doc. No. 74,* p 9*; Cooperwood, supra; Rogers, supra.* Simply put, when read in context of the lack of evidence a cover-up, the holding in *Cooperwood* is consistent with Eighth Circuit law.

**The Plaintiff's Previous Allegation of a Cover-Up Was Found to Be False**

To that end, the Plaintiff alleges the LRPD, among many other things, has "willfully conceal[ed] excessive force and other serious misconduct," but she does not establish what excessive force or other serious misconduct the LRPD concealed. *Doc No.*

5

*93, p. 11*. The best the Plaintiff could muster in her initial Response Brief was the claim by former-Sergeant Christie Young that her ex-husband, an LRPD officer, "…beat a young man into the river with [his] baton, causing his death, and then conspired to conceal it." *Doc. No. 61,* p 93.  However, the Plaintiff failed to note that this allegation had been investigated and proven false: LRPD detectives located and interviewed the allegedly dead man; he was not dead, remembered the incident, and made no claim of impropriety against the LRPD. *Doc No. 67,* p 2.

Rather than establish a cover-up, this investigation further establishes the uncontested fact that the LRPD is not deliberately indifferent to allegations of unconstitutional misconduct.  For this reason, and all the reasons listed previously, the Court was correct in granting summary judgment.

                Respectfully submitted,

                **SEPARATE DEFENDANTS**,
                the City of Little Rock, Arkansas, and Stuart Thomas, in his individual and official capacities.

By:   /s/ John L. Wilkerson
       John L. Wilkerson (ABA) 2008-0046
       Amanda LaFever (ABA) 2012-133
       *Attorney for Defendants*
       P.O. Box 38
       North Little Rock, AR 72115
       Telephone (501)978-6136
       Facsimile (501) 978-6560

## **CERTIFICATE OF SERVICE**

I, John L. Wilkerson, hereby certify that on this 28th day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participants listed below, and I further certify that I have mailed the document to all non-participants via Certified Mail, Return Receipt Requested:

Michael J. Laux  
mlaux@walkuplawoffice.com

Amanda LaFever  
alafever@arml.org

M. Keith Wren  
mkwren@wrenlawfirm.com

                                                /s/ John L. Wilkerson